MARY B. DIXON & others *vs.* FITZ HENRY HOMER.

H. devised property to H. and R., their heirs and assigns, and the survivor of
them, upon certain trusts. R. died before the trusts were fully executed.
*Held*, it was the duty of the probate court, under Rev. Sts. *c.* 69, § 8, the will
being silent on the subject, to appoint a cotrustee to act with the survivor.

IN this case, which was argued by *S. Bartlett* for the appellants, and by *Edward Blake* for the appellee, the whole facts appear in the opinion, which was delivered by

SHAW, C. J. This is an appeal from a decree of the judge of probate, dismissing the petition of Mary B. Dixon, Philo S. Shelton, and Georgiana, wife of said Philo. The petition was filed, setting forth that Benjamin P. Homer, father of said Mary and Georgiana, made his last will and testament, afterwards duly proved and allowed, by which he devised and bequeathed property to Fitz Henry Homer and Nathaniel S. Russell, upon various trusts, in which the said Mary and Georgiana are respectively interested; that they took upon themselves these trusts, and that the said Russell afterwards deceased, and they prayed that some suitable person might be appointed a trustee in place of said Russell, to take and hold the property, and execute the trusts jointly with said Fitz Henry Homer, the surviving trustee. The judge of probate declined making such appointment, and dismissed the application, and for these causes the petitioners appealed to this court.

The authority under which the petitioners prayed for the interposition of the judge of probate is found in Rev. Sts. *c.* 69, § 8, following nearly in terms *St.* 1817, *c.* 190, § 40.

The provision is this: When any person, appointed a trustee, shall decline or resign the trust, or shall die before the objects thereof are accomplished, if no adequate provision is made by the will, for supplying such vacancy, the judge of probate shall, after notice to all persons interested, appoint a new trustee, to act alone or jointly with the others, as the case may be.

No express provision whatever was made in this will for the

4 *

appointment of any trustee to supply the vacancy in case
either of the trustees should die. But it was argued in support
of the decree, that although no provision was made in the will
for supplying such vacancy, yet that there was a provision in-
tended as a substitute, to wit, that the property was devised
to the two and the survivor of them ; and as the trust follows
the nature of the property, the intent of the testator may be
inferred, that if either trustee should die, both the right of the
property and the exclusive execution of the trusts should vest
in the other. But we cannot yield to the force of this argu-
ment. Every devise of property, to two, three, or more, in
trust, is declared by statute to be a devise to hold in joint
tenancy; Rev. Sts. *c.* 59, § 11; and then by force of law, the
property shall vest in the survivor or survivors. Yet the same
revised statutes made at the same time, provide, that on the
decease of such a trustee, the judge of probate shall appoint
a new one, clearly proving that the survivorship of the prop-
erty to one, was not contemplated as a substitute for the
appointment of another trustee. Such provision therefore in
terms, that the property shall go to the survivor, can be no
evidence of the intent of the testator, even if such intent
could prevail, that there should be but one trustee after the
death of one.

The question then is upon the true construction of the stat-
ute ; whether it was the duty of the judge of probate, in a case
where the will is silent, where two trustees were appointed
and one dies, to appoint a trustee to fill the vacancy and act
with the survivor. We may presume from the will itself, that
originally it was desirable, in the judgment of the testator, to
have two trustees, not to take the property only, but to exe-
cute the trusts. We think therefore that it was the right of
the parties interested in these trusts, upon application to the
judge of probate, to have a new trustee, and no reason being
shown to the contrary, that the decree should have been made
accordingly. Such was the decision in a case upon *St.* 1817,
*c.* 190, § 40, in nearly the same terms with the revised statutes.
*Massachusetts General Hospital* v. *Amory,* 12 Pick. 445.

But a case was cited in behalf of the appellee and in sup-

port of the decree of the judge of probate, as an authority to the fact that it is competent for the judge to appoint one trustee only, if he thinks it expedient. *Greene* v. *Borland*, 4 Met. 330. We are apprehensive that the *per curiam* opinion in that case, and especially the first marginal note, are not in precise conformity to the judgment of the court. The question in that case did not arise upon the decree of the judge, appointing or refusing to appoint two trustees; the power or the duty of the judge or the rights of the *cestui que trusts* were not directly but only collaterally in question. It was a bill in equity by one trustee, appointed by the judge in place of two, to recover property from the executor of the testator. He was so appointed at the request of the parties in interest, and opposed by nobody. Borland, the executor, though a party not interested in that question, did not oppose the appointment of one trustee only instead of two, but protested against the proposed appointment of Mr. Quincy, but the grounds of his objection are not stated. The question in that case was, whether the trustee in a bill in equity should receive the property out of the hands of the executor; and this depended upon the question whether, if one trustee was well appointed, the property did not vest in him, and whether the executor could resist his claim as the sole trustee for the time being, for an account and delivery of the trust property, on the ground that there was an irregularity in the appointment of such trustee. We think it might well be held, that if one trustee was well appointed, the property vested in him for the time being. If two had been appointed, and one died, the property would vest in the survivor, and he might act as such trustee at law or in equity, until another should be appointed, although there might be delay on the part of those interested, in making application for such appointment, or a delay or even refusal, under a mistake of law in making such appointment.

Suppose a bequest to a large number of persons, in trust to hold the same, and apply the income to the support of a hospital or school. Though some of them die or resign, there being still an ample number to uphold the trust, no question,

we think, could arise upon their power to maintain actions; although it might be the duty of the judge of probate, if applied to, to fill the vacancies. We think the two cases of *Massachusetts General Hospital* v. *Amory*, 12 Pick. 445, and *Greene* v. *Borland*, 4 Met. 330, are quite distinguishable, and quite reconcilable with each other. The former was where ⁺he application to the judge was made by parties in interest, ınvoking the exercise of his authority for the appointment of two trustees for the protection of their interests, and the question at issue was the regularity of the decree; the latter was upon a bill in equity, to receive the trust property, by a sole trustee appointed with the assent of all parties in interest, and the question was upon the right of such trustee to maintain a suit in equity to receive the trust fund.

In the present case, the direct question to be adjudicated is, upon the regularity of the decree of the judge of probate, upon the application of all parties interested in the trust, for the appointment of a new trustee in place of one deceased, not granting such application. Upon the terms of the statute, and the authority of the case first above cited, the court are of opinion that the petitioners were entitled to such an appointment, and that the decree of the judge of probate must be reversed, and a trustee appointed.